EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Elba E. González Pagán<br>Hilda N. González Pagán<br><br>Apelante<br><br>v.<br><br>Rafael Moret Guevara; su esposa<br>Arlyn Brunet Rodríguez y a Sociedad<br>legal de Gananciales compuesta por<br>ambos y otros<br><br>Apelados | Apelación<br><br>2019 TSPR 136<br><br>202 DPR ____ |

Número del Caso: AC-2018-75

Fecha: 31 de julio de 2019

Tribunal de Apelaciones:

  Región Judicial de San Juan - Caguas, Panel I

Abogada de la parte apelante:

  Lcda. Amarilys González Alayón

Abogada de la parte apelada:

  Lcda. Virgin V. Vargas López

Materia: Derecho Procesal Civil: La falta de notificación de un recurso de apelación, a una parte a la cual el Tribunal de Primera Instancia le anotó la rebeldía, priva de jurisdicción al Tribunal de Apelaciones para poder atender el recurso.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Elba E. González Pagán;
Hilda N. González Pagán

    Apelantes

                                AC-2018-0075     Apelación

        v.

Rafael Moret Guevara;
su esposa Arlyn Brunet
Rodríguez y la Sociedad
Legal de Gananciales
Compuesta por ambos y otros

    Apelados

Opinión del Tribunal emitida por el Juez Asociado señor COLÓN PÉREZ.

En San Juan, Puerto Rico a 31 de julio de 2019.

En el presente caso nos corresponde determinar si, en la etapa apelativa intermedia, la falta de notificación de un recurso de apelación, a una parte a la cual el Tribunal de Primera Instancia le anotó la rebeldía, priva de jurisdicción al Tribunal de Apelaciones para poder atender el mismo.

Examinados los hechos ante nuestra consideración, así como la normativa aplicable a los mismos, adelantamos que los recursos de apelación que se presentan ante el foro apelativo intermedio deben notificarse a todas las partes en el pleito, inclusive a aquellas partes que se encuentran en rebeldía. De no hacerse así, el Tribunal de Apelaciones carece de jurisdicción para atender los mismos. Veamos.

I.

Allá para el 10 de enero de 2012, las señoras Elba González Pagán e Hilda N. González Pagán (en adelante, "las señoras González Pagán") presentaron ante el Tribunal de Primera Instancia una demanda por incumplimiento de contrato y daños y perjuicios en contra de los esposos Rafael Moret Guevara, Arlyn Brunet Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, "el matrimonio Moret-Brunet"), y en contra de RM Moving Services & Liquidators Corp. (en adelante, "RM Moving"). Posteriormente, enmendaron la demanda para incluir como codemandado a El Conquistador Partnership L.P., S.E., h/n/c/ El Conquistador Resort (en adelante, "hotel El Conquistador").

En dicha demanda, las señoras González Pagán adujeron que luego de ver cierto anuncio en el periódico, sobre la liquidación de muebles en el hotel El Conquistador, se interesaron en los mismos y llamaron al teléfono señalado, que resultó ser uno perteneciente al señor Moret Guevara. Éste les indicó que como consecuencia de la remodelación que se haría en las facilidades del hotel El Conquistador, había sido contratado -- por medio de RM Moving -- para vender los muebles de ciertas habitaciones del referido complejo turístico.

Así pues, las señoras González Pagán coordinaron una cita para ver los muebles en venta. El 14 de septiembre de

2007, éstas visitaron el hotel El Conquistador, donde el señor Moret Guevara las dirigió a las habitaciones que contenían los muebles que interesaban comprar. Ese mismo día, llegaron a un acuerdo con éste y le pagaron la suma de $4,500 por los muebles. Tiempo después, el señor Moret Guevara les informó que la entrega de los muebles se atrasaría.

Transcurridos seis (6) meses desde dicha comunicación, las señoras González Pagán aún no habían recibido los muebles, por lo que visitaron las facilidades del hotel El Conquistador para inquirir sobre el porqué de la demora. Una vez allí, personal del hotel les indicó que las remodelaciones estaban atrasadas, que era la gerencia del mencionado complejo turístico quien decidía qué habitaciones se remodelarían, que ellos no tenían contrato con éstas y, por tanto, no tenían responsabilidad alguna por la mencionada dilación. Las señoras González Pagán intentaron comunicarse con el señor Moret Guevara, pero nunca les contestó las llamadas y cuando se dirigieron a la dirección donde él residía les indicaron que éste se había mudado de allí. Consecuentemente, decidieron presentar la demanda en cuestión.

Posteriormente, el 12 de abril de 2012 el hotel El Conquistador presentó la correspondiente contestación. En la misma, negó las alegaciones en su contra y arguyó que no había llevado a cabo ningún acuerdo con las señoras González Pagán, ni hecho venta de equipo alguno o promesa de venta a

las demandantes, por lo que no tenía relación contractual con éstas.

Por su parte, el matrimonio Moret-Brunet y RM Moving[1] no presentaron contestación a la demanda. Así pues, las señoras González Pagán solicitaron la anotación de rebeldía contra éstos. **Evaluada dicha solicitud, el 26 de octubre de 2012 el Tribunal de Primera Instancia ordenó la anotación de rebeldía contra el matrimonio Moret-Brunet y RM Moving.**

Así las cosas, el 23 de octubre de 2012 las señoras González Pagán presentaron una *Moción solicitando se dicte sentencia sumaria* en la que solicitaron al foro primario que resolviera que el hotel El Conquistador era responsable por el contrato que acordaron con el señor Moret Guevara, a quienes éstas consideraban su representante para la venta de los referidos muebles. Por su parte, el hotel El Conquistador se opuso a la moción de sentencia sumaria mediante *Oposición a moción solicitando se dicte sentencia sumaria parcial final.* En la misma, planteó que todos los hechos materiales del caso estaban en controversia. Además, adujo -- de manera general -- que ninguno de los hechos materiales lo vinculaban, que faltaba parte indispensable y que la causa de acción estaba prescrita.

---

[1] El matrimonio Moret-Guevara y RM Moving fueron emplazados mediante edictos. Las señoras González Pagán acreditaron mediante su *Moción acreditando publicación de edicto y en solicitud de anotación en rebeldía* que publicaron el edicto y que enviaron copia de la demanda y del edicto a la última dirección conocida de los codemandados, pero ambos fueron devueltos por el servicio postal.

Evaluados los planteamientos de ambas partes, el Tribunal de Primera Instancia emitió una *Resolución* en la que declaró no ha lugar la referida solicitud de sentencia sumaria, pues existían hechos en controversia. Inconformes, las señoras González Pagán solicitaron reconsideración, pero el foro primario denegó la misma.

Posteriormente, el hotel El Conquistador presentó una *Moción solicitando se dicte sentencia sumaria parcial final* en la cual solicitaron al Tribunal de Primera Instancia que dictara sentencia sumaria a su favor pues no existía un contrato entre las partes en el litigio que le vinculara y le hiciera responsable. Oportunamente, las señoras González Pagán presentaron su oposición. Examinados los argumentos de las partes, el foro primario nuevamente declaró no ha lugar la solicitud para resolver sumariamente el pleito ante nos, pues existían controversias de hechos materiales que debían dilucidarse.

Así pues, celebrado el juicio en su fondo, el Tribunal de Primera Instancia evaluó la evidencia ante sí y dictó una *Sentencia* en la que declaró ha lugar la demanda de las señoras González Pagán. Por consiguiente, ordenó al hotel El Conquistador a pagarles a éstas la cantidad de $4,500, más la suma correspondiente a los intereses legales desde el 1 de febrero de 2008 hasta la fecha de la sentencia y $1,500 en concepto de honorarios de abogados. La sentencia emitida por el foro primario fue notificada a todas las partes: las

señoras González Pagán, el hotel El Conquistador, el matrimonio Moret-Brunet y la empresa RM Moving.

Inconforme con el dictamen emitido por el foro primario, el hotel El Conquistador presentó un recurso de apelación ante el Tribunal de Apelaciones. En el mismo solicitó que se revocara el dictamen emitido por el Tribunal de Primera Instancia pues, a su juicio, dicho foro erró, entre otras cosas, al resolver que el hotel El Conquistador era responsable de forma solidaria por las actuaciones del codemandado señor Moret Guevara, cuando no se probó ni configuró la figura del mandato ni la del contrato en daño de tercero, ni la apariencia de autoridad representativa válida; y al determinar que éste incurrió en temeridad imponiendo honorarios de abogado e intereses legales, penalizándole así por defenderse de acuerdos contractuales de los cuales no fue parte.

Presentado el recurso, las señoras González Pagán comparecieron ante el foro apelativo intermedio mediante una *Moción solicitando desestimación del recurso de apelación*. **En la misma, éstas señalaron que el hotel El Conquistador le notificó el recurso de apelación a su abogada, mas no al matrimonio Moret-Brunet ni a RM Moving, a quienes el Tribunal de Primera Instancia les anotó la rebeldía. Es decir, no notificó el recurso de apelación a todas las partes en el litigio, tal como lo exige la Regla 13 (B)(1) del Reglamento del Tribunal de Apelaciones, *infra*.**

Oportunamente, el hotel El Conquistador se opuso mediante *Moción en oposición a moción solicitando la desestimación del recurso de apelación* en la que señaló que, toda vez que la rebeldía anotada contra el matrimonio Moret-Brunet se debió a su incomparecencia al pleito, no tenía que notificar a la parte. Ello, pues, conforme a lo dispuesto por las Reglas de Procedimiento Civil, *infra*, lo único que había que notificarles a las partes en rebeldía era la *Sentencia* dictada por el foro primario.

Así las cosas, el Tribunal de Apelaciones dictó una *Sentencia* en la que revocó la determinación del foro primario y resolvió que no se logró probar el vínculo contractual entre el señor Moret Guevara y el hotel El Conquistador. Sobre la moción de desestimación, razonó que la misma no procedía pues conforme a lo dispuesto por la Regla 67.1 de Procedimiento Civil, *infra*, no es necesaria la notificación de todo escrito presentado en el trámite judicial a la parte en rebeldía, a menos que se solicite un remedio nuevo. A juicio de dicho foro, en la medida en que el recurso de apelación no constituye un remedio nuevo, éste no tenía que ser notificado al matrimonio Moret-Brunet ni a RM Moving.

Insatisfechas con el proceder del Tribunal de Apelaciones, las señoras González Pagán comparecen ante nos alegando que el foro apelativo intermedio erró al no desestimar el recurso de apelación por falta de jurisdicción presentado ante dicho Tribunal, ya que el mismo no le fue

notificado a las partes conforme al Reglamento del Tribunal de Apelaciones, *infra*. El hotel El Conquistador, bajo fundamentos similares a los presentados en el foro apelativo intermedio, entiende que no les asiste la razón a éstas.

Trabada así la controversia, y contando con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de apelación que nos ocupa.[2]

II.

A.

Sabido es que, conforme a lo dispuesto por la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el Tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte. *Banco Popular v. Andino Solis,* 192 DPR 172, 179 (2015); *Correa v. Marcano*, 139 DPR 856, 861 (1996); *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679 (1987). Véase, R. Hernández Colón, *Práctica Jurídica de Puerto Rico. Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 327; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1338. El propósito de la anotación de rebeldía es disuadir a aquellos que recurran a

---

[2] Lo resuelto por el Tribunal de Apelaciones en el caso de epígrafe está en conflicto con lo sentenciado por el mismo foro en *Banco Popular de Puerto Rico v. El Tamarindo Developers, Inc. y Otros,* KLAN201501524, y en *Myraida Alicea Sepúlveda y otros v. Progressive Insurance Company y Otros,* KLAN201600015. En ambos casos el foro apelativo intermedió sentenció que la Regla 67.1 de Procedimiento Civil, *supra*, no exime a las partes de notificar un recurso de apelación a una parte en rebeldía por falta de comparecencia.

la dilación de los procedimientos como una estrategia de litigación. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 587 (2011); *Ocasio v. Kelly Servs.,* 163 DPR 653, 671 (2005). Véase, Cuevas Segarra, *op. cit.,* pág. 1339. Ésta "opera como remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse". *Álamo v. Supermercado Grande,* 158 DPR 93, 101 (2002). Véase, *Continental Ins. v. Isleta Marina,* 106 DPR 809, 815 (1978); Cuevas Segarra, *op. cit.,* pág. 1338.

Como consecuencia de una anotación de rebeldía, se dan por admitidas todas las alegaciones sobre hechos correctamente alegados y la causa de acción podrá continuar dilucidándose sin que el demandado participe. *Banco Popular v. Andino Solis, supra,* pág. 179; *Rivera Figueroa v. Joe's European Shop, supra,* pág. 588; *Correa v. Marcano, supra,* pág. 861. Véase, Hernández Colón, *op cit.,* pág. 329. Ahora bien, el tribunal podrá dictar sentencia en rebeldía sólo si concluye que procede la concesión del remedio solicitado. *Banco Popular v. Andino Solis, supra,* pág. 179; *Ocasio v. Kelly Servs., supra,* pág. 671. Véase también, *Continental Ins. V. Isleta Marina, supra.*

Anotada la rebeldía por incomparecencia, "no [será] necesario que se le notifique toda alegación subsiguiente a la demanda original". *Banco Popular v. Andino Solis, supra,* pág. 180; *Álamo v. Supermercado Grande, Inc., supra,* pág.

105, esc. 9. Al respecto, la Regla 67.1 de Procedimiento Civil dispone:

> **No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales** contra dichas partes se les notificará en la forma dispuesta en la Regla 4.4 de este apéndice o, en su defecto, por la Regla 4.6 de este apéndice, para diligenciar emplazamientos. (Énfasis suplido). 32 LPRA Ap. V, R. 67.1.

Sobre lo dispuesto en la Regla 67 de Procedimiento Civil, *supra,* el tratadista José Cuevas Segarra comenta que la misma debe ser

> **inaplicable a los recursos de apelación o de *certiorari* que se incoen por el reclamante u otra parte en el litigio, aun cuando fuere rebeldía por falta de comparecencia. También dicha notificación es *sine qua non,* como ya hemos expresado en otra parte, a la sentencia que se dicte en rebeldía, la cual debe serle notificada a la parte que está en rebeldía.** (Énfasis suplido). J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1884.

Es decir, a juicio del tratadista Cuevas Segarra lo contemplado en la Regla 67 de Procedimiento Civil, *supra*, en relación con la notificación de escrito a las partes en rebeldía por falta de comparecencia, no debe ser de aplicación a los recursos de apelación o *certiorari* que se incoen por las partes en determinado litigio.

B.

En esa dirección, debemos recordar que **la apelación** es el recurso que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia o dictamen final emitido por el Tribunal de Primera Instancia. Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA

Ap. V;[3] Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Véase, Hernández Colón, *op cit.*, pág. 519. **Para el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesario la oportuna presentación y la notificación del escrito a las partes apeladas.**[4] Regla 13 del Reglamento del Tribunal de

---

[3] En lo pertinente, la Regla 52.1 de Procedimiento Civil, *supra,* establece que: "**Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico**". (Énfasis suplido).

[4] En cuanto al requisito de notificación de un recurso de apelación, a grandes rasgos, la Regla 13(B)(2) del Reglamento del Tribunal de Apelaciones establece lo siguiente:

(B) **Notificación a las partes-**

. . . .

(2) Cómo se hará.- La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas: correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

**La notificación por correo se remitirá a los abogados(as) de las partes o a las partes, cuando no estuvieren representadas por abogado(a),** a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado(a), la notificación se hará a la dirección que de éste(a) surja del registro que a esos efectos lleve el Secretario(a) del Tribunal Supremo.

**La notificación por entrega personal se hará poniendo el documento en las manos de los(as) abogados(as) que representen a las partes o en las de la parte,** según sea el caso, o entregarse en la oficina de los abogados(as) a cualquier persona a cargo de la misma. De no estar la parte o las partes representadas por abogado(a) la entrega se hará en el domicilio o dirección de la parte o las partes según surja de los autos, o a cualquier persona de edad responsable que se encuentre en la misma.

Apelaciones, 4 LPRA Ap. XXII-B. Véase, *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017); *Pérez Soto v. Cantera Pérez*, 188 DPR 98, 105 (2013); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873(2007); *Morán v. Martí*, 165 DPR 356 (2005). **La falta de oportuna notificación <u>a todas las partes en el litigio</u> conlleva la desestimación del recurso de apelación**. *Montañez Leduc v. Robinson Santana*, *supra*, págs. 549-553; *Pérez Soto v. Cantera Pérez*, *supra,* pág. 105; *S.L.G. Szendrey Ramos v. F. Castillo*, *supra*, págs. 881-883. Recurso que no se notifique a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora. Véase, *Soto Pino v. Uno Radio Group,* 189 DPR 84, 91 (2013); *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987).

C.

Establecido lo anterior, precisa examinar aquí el alcance del concepto "parte". Al respecto, hemos expresado en distintas ocasiones que el mismo está atado al de

---

**La notificación mediante telefax deberá hacerse al número correspondiente de los abogados(as) que representen a las partes o al de las partes,** de no estar representadas por abogado(a), cuando las partes a ser notificadas hubieren provisto tal número al tribunal y así surja de los autos del caso ante el Tribunal de Primera Instancia.

**La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados(as) que representen a las partes o al de las partes,** de no estar representadas por abogado(a), cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia. Regla 13 (B)(2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

jurisdicción de la persona. *Medina Garay v. Medina Garay,* 161 DPR 806, 816 (2004); *Acosta v. ABC, Inc.,* 142 DPR 927, 931 (1997).* Por ello, una persona es considerada *parte* una vez que se diligencia el emplazamiento y se adquiere jurisdicción sobre ésta. *Acosta v. ABC, Inc., supra,* pág. 931. *Véase, Medina Garay v. Medina Garay, supra,* págs. 816-817; *Vázquez v. López,* 160 DPR 714, 720-721 (2003).

Consecuentemente, aun cuando a la parte demandada se le anote la rebeldía, ésta es "parte dentro del significado jurídico-procesal, aunque en rebeldía". *Acosta v. ABC, Inc., supra,* pág. 932. Véase, *Rivera Hernández v. Comtec Comm.,* 171 DPR 695, 713 (2007). **Cónsono con lo anterior, la Regla 13(B) del Reglamento del Tribunal de Apelaciones,** *supra,* **exige que se notifique "a todo aquél que en algún momento lo fue ante el tribunal u organismo administrativo de instancia, como, por ejemplo, <u>el rebelde</u> o la coparte que ha transigido antes de la sentencia".** Hernández Colón, *op. cit.,* pág. 521, esc. 7.

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de la controversia ante nuestra consideración.

III.

En el presente caso, como ha quedado claramente demostrado, el hotel El Conquistador no notificó el recurso de apelación presentado ante el Tribunal de Apelaciones a los codemandados, el matrimonio Moret-Brunet. Ello, pues

razonó que conforme a lo dispuesto en la Regla 67 de Procedimiento Civil, *supra,* no hay obligación de notificar un recurso de apelación a una parte en rebeldía.[5] No le asiste la razón.

Como mencionamos anteriormente, cuando una parte solicita la revisión de un dictamen o resolución emitido por el Tribunal de Apelaciones la parte debe perfeccionar el recurso conforme a las leyes y los reglamentos aplicables, lo que permitirá a dicho foro tener jurisdicción sobre la controversia en cuestión. **Es requisito jurisdiccional que la parte peticionaria del recurso notifique la presentación del mismo a todas las partes en el pleito. Ello incluye a las partes que se encuentren en rebeldía.**

Así pues, habiéndose dictado sentencia final, el hotel El Conquistador debía presentar oportunamente el recurso, como efectivamente hizo, **y notificar el mismo a todas las partes, incluyendo al matrimonio Moret-Brunet y RM Moving.** No obstante, éste sólo notificó el recurso a las señoras González Pagán. Por consiguiente, el recurso de apelación no se perfeccionó adecuadamente, por lo que el Tribunal de Apelaciones debió desestimar el mismo por falta de

---

[5] La Regla 67 de Procedimiento Civil, *supra*, se refiere a la notificación de alegaciones ante el foro primario. Es por ello, que la misma dispone expresamente que "[n]o será necesario notificar a las partes en rebeldía por falta de comparecencia, **excepto que las alegaciones en que se soliciten remedios nuevos o adicionales**".

jurisdicción. El foro apelativo intermedio no lo hizo. Se cometió, pues, el error señalado.

IV.

Por los fundamentos antes expuestos, se revoca la Sentencia del Tribunal de Apelaciones, pues dicho foro carecía de jurisdicción para atender el recurso de apelación que se presentó ante éste.

Se dictará Sentencia de conformidad.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Elba E. González Pagán;
Hilda N. González Pagán

    Apelantes

                     AC-2018-0075     Apelación
     v.

Rafael Moret Guevara;
su esposa Arlyn Brunet
Rodríguez y la Sociedad
Legal de Gananciales
Compuesta por ambos y otros

    Apelados


SENTENCIA


En San Juan, Puerto Rico a 31 de julio de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la Sentencia del Tribunal de Apelaciones, pues dicho foro carecía de jurisdicción para atender el recurso de apelación que se presentó ante éste.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo